**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **OBJECTION TO** |
| | **CONFIRMATION** |
| **DANIEL MANGAN** | |
| | **Case No. 8-24-72042-ast** |
| **Debtor.** | **Chapter 13** |

I, Aleksandra K. Fugate, Esq., an attorney duly licensed to practice law in the State of New York and admitted in the Eastern District of New York, affirm the following to be true, under penalty of perjury:

1. I am an attorney with the firm of Woods Oviatt Gilman LLP, attorneys for Wells Fargo Bank, N.A. ("Secured Creditor").

2. Secured Creditor is the Holder of a Note and Mortgage secured by real property commonly known as 36 Radcliffe Ave, Farmingdale, NY 11735; which is identified by the Secured Creditor with a loan number bearing the last four digits of 5271.

3. This Affirmation is submitted for the purpose of objecting to confirmation of the Chapter 13 Plan proposed by Daniel Mangan (the "Debtor").

4. The Debtor`s proposed Plan fails to provide for payment of pre-petition arrears to Secured Creditor. However, the Proof of Claim to be filed on behalf of Secured Creditor asserts pre-petition arrears in the approximate amount of $354,298.35.

5. The Debtor`s proposed plan also fails to provide for post-petition payments to Secured Creditor. As the Note is not set to mature until June 01, 2049, post-petition payments will be necessary to keep Debtor from default on post-petition. The Proof of Claim to be filed on behalf of Secured Creditor asserts the current monthly mortgage payment in the approximate amount of $3,744.69.

6.      The Debtor`s proposed Plan is also seeking to enter into Loss Mitigation with Secured Creditor; however, the proposed Plan does not take into consideration how the loan will be treated if Loss Mitigation is unsuccessful, nor does it provide for adequate protection payments while Loss Mitigation is pending.

7.      Debtor`s proposed Plan provides for total plan payments in the amount of $294,000.00; therefore, the plan is not adequately funded as it does not contain funds sufficient to pay Secured Creditor's pre-petition arrears in full as required by 11 U.S.C. section 1325(a)(5)(B)(ii).

**WHEREFORE,** the Secured Creditor hereby requests by virtue of the foregoing, confirmation of the Debtor`s proposed Chapter 13 Plan be denied pursuant to 11 U.S.C. §1325.

DATED: June 7, 2024

/s/ Aleksandra K. Fugate
Aleksandra K. Fugate
WOODS OVIATT GILMAN LLP
*Attorneys for Secured Creditor*
500 Bausch & Lomb Place
Rochester, NY 14604
Telephone: 855-227-5072

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

In re:

**DANIEL MANGAN**

**CERTIFICATE OF SERVICE**
**Case No. 8-24-72042-ast**
**Chapter 13**

Debtor(s).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 07, 2024, I caused the foregoing Objection to Confirmation including all attachments to be electronically filed with the Clerk of Court by using the CM/ECF system, and provided a true correct copy of said document including all attachments to a vendor for mailing by U.S. Postal Service First Class Main Postage Prepaid to the following parties:

Daniel Mangan
36 Radcliffe Avenue
Farmingdale, NY 11735

Ronald D. Weiss, Esq.
445 Broadhollow Road
Suite CL-10
Melville, NY 11747

Krista M. Preuss - EDNY
100 Jericho Quadrangle, Suite 127
Jericho, NY 11753

U.S. Trustee
United States Trustee
560 Federal Plaza – Room 560
Central Islip, NY 11722

*Megan R. Kozlowski*

Megan R. Kozlowski
Bankruptcy Clerk